IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN ALSUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) Judge _____ |
| | ) Magistrate Judge _____ |
| LKS TRANSPORT, L.L.C. and | ) |
| DANIEL P. FOY, | ) Jury Demand |
| | ) |
| Defendants. | ) |

## COMPLAINT

This is an action by Plaintiff Justin Alsup against Defendants LKS Transport, L.L.C., and Daniel P. Foy for damages incurred as a result of the negligent operation of a tractor trailer and resulting motor vehicle collision that occurred on July 10, 2018.

### PARTIES, JURISDICTION, VENUE

1. Plaintiff Justin Alsup is an individual who resides at 12749 Highway 13, Haleyville, Alabama, 35565.

2. Defendant, LKS Transport, L.L.C. ("Defendant LKS") is a North Carolina limited liability company with its principal place of business at 22 Paradise Place, Arden, North Carolina, 28704. Defendant LKS owns and operates a freight transportation company. Defendant LKS may be served through its registered agent, Igor N. Shedko, at 22 Paradise Place, Arden, North Carolina, 28704.

3. Defendant, Daniel P. Foy ("Defendant Foy") is an individual who resides at 299 Beaty Farm Lane, Statesville, North Carolina, 28625. At all times material to this dispute, Defendant Foy was employed by and/or an agent of Defendant LKS Transport.

4. Pursuant to 28 U.S.C.A. § 1332, this Court has jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

5. Pursuant to 28 U.S.C.A. § 1391(b)(2), venue in this Court is proper because a substantial part of the events or omissions giving rise to this cause of action occurred in Robertson County, Tennessee which is located in this Court's judicial district.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6. At the time of his injury, Mr. Alsup was employed as a pipeline inspector for Cleveland Integrity Services, Inc. ("Cleveland"). Mr. Alsup was 56 years old and in good health.

7. Mr. Alsup's duties as a pipeline inspector required him to be on his feet for at least ten (10) hours per day and to walk anywhere from 4-10 miles per day.

8. In 2017, the year before the accident, Mr. Alsup inspected a 120-mile stretch of the Rover Pipeline between Fostoria, Ohio and Howell, Michigan. Mr. Alsup was required to walk an additional 135 miles of pipeline that protruded from the main pipeline. In total, Mr. Alsup walked 225 miles of pipeline between February 2017 and October 2017.

9. Mr. Alsup was compensated $164,512.99 for the Rover project. The Rover project was Mr. Alsup's only source of income for 2017.

10. In 2018, the same year as the accident, Mr. Alsup walked a 77-mile portion of the Nexus Gas Pipeline Transmission between Elyria, Ohio and Toledo, Ohio.

11.     Mr. Alsup was compensated $38,806.70 for the Nexus project for work he performed between April 2018 and June 2018. The Nexus project was Mr. Alsup's only source of income for 2018.

12.     On July 10, 2018, Mr. Alsup was towing another vehicle in his Dodge pickup truck while traveling southbound on U.S. Interstate 65 in Cross Plains, Robertson County, Tennessee.

13.     While operating the pickup truck, Mr. Alsup maintained a safe rate of speed and was in compliance with all traffic laws of the State of Tennessee. Mr. Alsup was not under the influence of alcohol or drugs while operating his pickup truck.

14.     At the same time, Defendant Foy was operating a tractor trailer directly behind Mr. Alsup while traveling southbound on U.S. Interstate 65 in Cross Plains, Robertson County, Tennessee. Upon information and belief, the tractor trailer was owned by and registered to Defendant LKS.

15.     Defendant Foy was operating the tractor trailer on behalf of Defendant LKS as its employee and/or agent and for the benefit of Defendant LKS.

16.     Upon information and belief, Defendant Foy had a clear view of the road and Mr. Alsup's pickup truck.

17.     While operating the tractor trailer, Defendant Foy failed to maintain a safe distance behind Mr. Alsup's pickup truck, failed to maintain a safe rate of speed, subsequently failed to yield, and caused the tractor trailer to violently collide into Mr. Alsup's pickup truck (the "Collision").

18.     At the time of the Collision, the weather conditions were clear. In addition, both Mr. Alsup and Defendant Foy were traveling on a dry, level, and straight portion of U.S.

Interstate 65. There were no obstructions or heavy traffic on the roadway.

19. Tennessee law enforcement personnel assisted Mr. Alsup and Defendant Foy after the Collision. A Traffic Crash Report was subsequently filed by the law enforcement officer. (*See* **Exhibit A**, attached hereto).

20. The Traffic Crash Report noted that the manner of the Collision was "Front to Rear" and that Defendant Foy had been "following [Mr. Alsup] improperly."

21. As a result of the Collision, Mr. Alsup suffered serious physical injuries and had to be transported by ambulance to a hospital.

22. As a result of his injuries, Mr. Alsup has been unable to return to work as a pipeline inspector.

23. On July 14, 2018, Cleveland contacted Mr. Alsup regarding the inspection of a project in Pennsylvania. Mr. Alsup was forced to turn down the work as a result of his injuries.

24. In September 2018, Cleveland contacted Mr. Alsup regarding the inspection of project, this time in Texas. Mr. Alsup was also forced to turn down that work as a result of his injuries.

25. Mr. Alsup has suffered serious personal injuries and has undergone extensive medical treatment as a result of the Collision.

26. Mr. Alsup's physician has also recommended surgery to correct back injuries Mr. Alsup sustained as a result of the Collision.

27. Mr. Alsup has suffered damages in the form of medical expenses, lost wages, and the costs to repair or replace his pickup truck.

28. Mr. Alsup is not at fault for any of the injuries he sustained as a result of the Collision. At the time of the Collision, Mr. Alsup maintained a safe rate of speed, was in

compliance with all traffic laws of the State of Tennessee, and was not under the influence of alcohol or drugs.

## COUNT ONE - NEGLIGENCE

29. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. At all times during his operation of the tractor trailer, Defendant Foy owed a duty of care to Mr. Alsup. Under this duty of care, Defendant Foy was required to exercise ordinary care in the operation of the tractor trailer to avoid injury to other persons using the roadway.

31. Defendant Foy breached the duty of care when he negligently caused the tractor trailer to violently collide into the back of Mr. Alsup's pickup truck.

32. Defendant Foy's breach was the direct and proximate cause of Mr. Alsup's injuries, resulting in Mr. Alsup incurring damages in the repairing or replacement of his pickup truck, physical injuries, medical bills, and lost wages.

33. Defendant Foy is liable to Mr. Alsup for common law negligence.

## COUNT II - NEGLIGENCE *PER SE*
### Duty to Obey Traffic Laws

34. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Pursuant to Tennessee Code Annotated Section 55-8-103, Defendant Foy owed a duty to Mr. Alsup. Under this duty, Defendant Foy was required to operate the tractor trailer in obedience to all applicable traffic laws.

36. Mr. Alsup is within the class of persons that the statute was designed to protect.

37. Defendant Foy breached his duty when he negligently caused the tractor trailer to violently collide into the back of Mr. Alsup's pickup truck.

38. Defendant Foy's breach was the direct and proximate cause of Mr. Alsup's injuries, resulting in Mr. Alsup incurring damages in the repairing or replacement of his pickup truck, physical injuries, medical bills, and lost wages.

39. Defendant Foy is liable to Mr. Alsup for negligence *per se*.

**COUNT III - NEGLIGENCE *PER SE*
Duty to Not Follow Too Closely**

40. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41. Pursuant to Tennessee Code Annotated Section 55-8-124(a), Defendant Foy owed a duty to Mr. Alsup. Under this duty, Defendant Foy was required to not follow other vehicles "more closely than is reasonable and prudent" and have "due regard for the speed of the vehicles and the traffic" on the roadway while operating the tractor trailer.

42. Mr. Alsup is within the class of persons that the statute was designed to protect.

43. Defendant Foy breached his duty when he negligently caused the tractor trailer to violently collide into the back of Mr. Alsup's pickup truck.

44. Defendant Foy's breach was the direct and proximate cause of Mr. Alsup's injuries, resulting in Mr. Alsup incurring damages in the repairing or replacement of his pickup truck, physical injuries, medical bills, and lost wages.

45. Defendant Foy is liable to Mr. Alsup for negligence *per se*.

**COUNT IV - NEGLIGENCE *PER SE*
Duty to Exercise Due Care**

46. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Pursuant to Tennessee Code Annotated 55-8-136(b), Defendant Foy had a duty to exercise due care while operating the tractor trailer. Under this duty of care, Defendant Foy was required to operate the tractor trailer:

   a. At a safe speed;

   b. By maintaining a safe lookout;

   c. By keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle;

   d. Under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property; and

   e. Avoid colliding with any other vehicle or person.

48. Mr. Alsup is within the class of persons that the statute was designed to protect.

49. Defendant Foy breached his duty when he negligently caused the tractor trailer to violently collide into the back of Mr. Alsup's pickup truck.

50. Defendant Foy's breach was the direct and proximate cause of Mr. Alsup's injuries, resulting in Mr. Alsup incurring damages in the repairing or replacement of his pickup truck, physical injuries, medical bills, and lost wages.

51. Defendant Foy is liable to Mr. Alsup for negligence *per se*.

## COUNT V - RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

52. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. Defendant Foy's aforementioned acts of negligence and negligence *per se*, are a direct and proximate cause of the damages suffered by Mr. Alsup.

54. Defendant Foy's acts of negligence and negligence *per se* are imputed to Defendant LKS by the doctrine of *respondeat superior*. Defendant Foy was operating the tractor trailer as the agent or servant of Defendant LKS.

55. At the time of the Collision, Defendant Foy was acting within the scope of his employment and/or agency as the employee and/or agent of Defendant LKS, and was operating the vehicle with Defendant LKS' authority, consent and knowledge and for Defendant LKS' use and benefit at the time of the collision.

56. Upon information and belief, the tractor trailer operated by Defendant Foy was owned by and registered to Defendant LKS. Defendant Foy was operating the tractor trailer with the authority, consent, and knowledge of Defendant LKS for its benefit.

57. Pursuant to Tennessee Code Annotated Sections 55-10-311 and 312, every act of negligence and negligence *per se* alleged against Defendant Foy is imputed to Defendant LKS.

58. Defendant Foy and Defendant LKS are jointly and severally liable to Mr. Alsup for all injuries and damages that he suffered, proximately caused by Defendant Foy's negligence and negligence *per se*.

## COUNT VI - GROSS NEGLIGENCE

59. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. As set forth above, Defendant Foy's negligent acts were the proximate cause of Mr. Alsup's injuries and damages.

61. Defendant Foy's negligent acts in operating the tractor trailer owned by and registered to Defendant LKS constitute gross negligence and manifest a reckless and wanton indifference to the value of human life.

62. Defendant Foy's reckless conduct in the operation of the tractor trailer constitutes a conscious indifference to the consequences associated with driving a motor vehicle and imply a total disregard for social obligations.

63. Defendant Foy's acts of gross negligence and reckless conduct are imputed to Defendant LKS by the doctrine of *respondeat superior*.

64. At the time of the Collision, Defendant Foy was acting within the scope of his employment and/or agency as the employee and/or agent of Defendant LKS.

65. Defendant Foy and Defendant LKS are jointly and severally liable to Mr. Alsup for all injuries and damages that he suffered, proximately caused by Defendant Foy's gross negligence and reckless conduct.

## COUNT VII - NEGLIGENT ENTRUSTMENT

66. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. As set forth above, Defendant Foy's negligent acts were the proximate cause of Mr. Alsup's injuries and damages.

68. Upon information and belief, Defendant Foy is employed by Defendant LKS for the purpose of operating the tractor trailer for Defendant LKS's benefit.

69. Defendant LKS had a duty to exercise reasonable and ordinary care in the selection of an operator for the tractor trailer.

70. Defendant LKS knew, or by the exercise of reasonable care should have known, that Defendant Foy was unsuitable to have the tractor trailer entrusted to him based upon his habitual carelessness, disposition, and temperament.

71. Defendant LKS breached its duty of care to Mr. Alsup when it negligently, recklessly and wantonly entrusted the tractor trailer to Defendant Foy when it knew, or in the

exercise of reasonable care should have known, that Defendant Foy was not competent to operate the tractor trailer.

72. Defendant LKS's negligence, in entrusting the tractor trailer to Defendant Foy, was a direct and proximate cause of the Collision and the resulting injuries and damages suffered by Mr. Alsup.

**COUNT VIII - NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**

73. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. As set forth above, Defendant Foy's negligent acts were the proximate cause of Mr. Alsup's injuries and damages.

75. Upon information and belief, Defendant Foy was hired by Defendant LKS for the purpose of operating the tractor trailer for Defendant LKS's benefit

76. Defendant LKS had a duty to exercise reasonable and ordinary care in hiring competent operators of tractor trailers for use in its freight transportation business. Further, Defendant LKS had a duty to train, supervise, and discipline their agents or employees who operated tractor trailers, including Defendant Foy.

77. Upon information and belief, Defendant LKS:

   a. Hired Defendant Foy to operate the tractor trailer when it knew, or in the exercise of reasonable care should have known, that Defendant Foy was not competent to do so;

   b. Failed to properly train, monitor, and supervise Defendant Foy in the operation of the tractor trailer;

c. Retained Defendant Foy to operate the tractor trailer when it knew, or in the exercise of reasonable care should have known, that Defendant Foy was not competent to continue doing so; and

d. Failed to instill in Defendant Foy qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which Defendant LKS entrusted to Defendant Foy as the operator of the tractor trailer.

78. Defendant LKS breached its duty of care to Mr. Alsup when it, upon information and belief, negligently hired, trained, retained, and supervised Defendant Foy when it knew, or in the exercise of reasonable care should have known, that Defendant Foy was not competent to operate or continue to operate the tractor trailer.

79. Defendant LKS's negligence, in hiring, training, retaining, and supervising Defendant Foy, was a direct and proximate cause of the Collision and the resulting injuries and damages suffered by Mr. Alsup.

**WHEREFORE**, Plaintiff Justin Alsup prays that:

a) Proper summons and process issue and be served upon Defendant Foy and Defendant LKS;

b) A judgment be entered against Defendant Foy and Defendant LKS, jointly and severally, in favor of Mr. Alsup on each claim asserted in this Complaint;

c) An award of actual and punitive damages be entered against Defendant Foy and Defendant LKS, jointly and severally, in an amount to be determined at trial;

d) Mr. Alsup be awarded prejudgment interest at the applicable rate;

e) Mr. Alsup be awarded all of his costs and reasonable attorneys' fees;

f) Mr. Alsup be awarded post-judgment interest at the maximum rate permitted law;

g) A jury of twelve persons be empaneled to try this case; and

h) Such further and other relief to which Mr. Alsup may be entitled be granted.

Respectfully submitted,

/s Mark M. Bell
Mark M. Bell (Tenn. BPR No. 029048)
Robert D. Boon II (Tenn. BPR No. 033217)
WALLER LANSDEN DORTCH & DAVIS, PLLC
511 Union Street
Suite 2700
Nashville, TN 37219
Phone: (615) 244-6380
Fax:    (615) 244-6804
mark.bell@wallerlaw.com
jaz.boon@wallerlaw.com

Jason R. Goren (Maryland Bar No. 1212110344)
*(Application for pro hac vice forthcoming)*
MIKE SLOCUMB LAW FIRM
401 E. Pratt Street
Suite 444
Baltimore, MD 21202
Phone: (443) 220-0049
Fax:    (202) 601-2479
jgoren@slocumblaw.com

*Attorneys for Plaintiff, Justin Alsup*